Martin, J.
The original petition was intended to enforce the individual liability of the stockholders. The representative of the only deceased stockholder, and all the surviving stockholders are defendants and relief is asked against them all. The amendment was filed about four years after the suit was brought, and seems to count on an alleged agreement of McGhee to indemnify his co-stockholders against loss on account of the corporate indebtedness. It assumes that the plaintiff, who is a simple contract creditor of the company, had a right to appropriate to the payment of his claim the corporation property which had passed to McGhee as consideration for that agreement and to trace its avails to his estate. It is not a creditor’s bill. It shows no breach of the alleged agreement. None that would be available to the direct parties to it. We consider it an attempt to inject into the petition a cause of action against only one of the defendants, which could not be prop-, erly joined with the action against the stockholders. But as its averments do not constitute a cause of action, it must be disregarded here as irrelevant.
We proceed to consider the issues raised by the demurrer to the petition. Counsel have confined the discussion to those setting up limitations. It is contended for the plaintiff that -the limitation attaching to his notes as against the company (15 years) is applicable. If this claim be correct the action is not barred. It is claimed on the part of the stockholders and administratrix that the cause of action is. *513 either an implied promise or a liability created by statute and falls under the b.ar of six years, and that it appears from the face of the petition that the action accrued in 1860, when the company became insolvent. If this position be sound the action is barred. We are first to determine the nature of the plaintiff’s cause of action.
The company was organized in 1858 under the provisions of the act of May 1, 1852, and its amendments. The 78th section reads:
“All stockholders * * * * shall be deemed and held liable to an amount equal to their stock subscribed in addition to said stock for the purpose of securing the creditors of such company.”
The petition seeks to enforce the obligation imposed by this section.
In Wright v. McCormick, 17 Ohio St., 86, this section received a construction which has been followed and approved. It is there held that “ The liability thus imposed upon stockholders is not a primary resource or fund for the payment of the debts of the corporation. It is collateral and conditional to the principal obligation which rests on the corporation, and to be resorted to by the creditors only in case of the insolvency of the corporation or when pay-' ment cannot be enforced against it by the ordinary process. It is a security provided by law for the exclusive benefit of creditors, over which the corporation authorities can have no control.” To repeat what is here said or inferred. The liability of the stockholder is to pay the debt of the corporation, not his-own debt. His obligation is distinct and dehors that of the company. Being a mere collateral security or promise it must have a fixed limitation. We cannot accede to the proposition- that the limitation is shifting and diverse, corresponding identically to the unexpired periods of limitation on the corporation debts.' If the statute had made the liability primary and direct, thus binding the stockholder to the very terms of the corporation debt, a suit to enforce the liability would be virtually against J^im as original debtor, ^,nd upon the debt, and its proper limita *514 tion would apply. But as has already been stated, no such liability is imposed. On the contrary, as we have seen, the provision is secondary and in the nature of, if not purely, a suretyship clearly definable and not at all coincident with the principal obligation.
Whether a judgment creditor only can, in analogy to a creditor’s bill, maintain the action, is a question that has not been argued before us, and upon which we express no opinion. The theory of the petition is that when the company is insolvent and the debt is due the action accrues. This theory is the more favorable one for plaintiff in considering the demurrer, and we adopt it. His cause of action arose when the company became insolvent. He has his action in virtue of the statute. Without the statute there is no right of action. Is this statute liability within the six years’ limitation either as a liability created by statute or an implied promise ?
The action is governed by the limitation act of 1852 (S. & C., 948). One of its provisions is this:
“ Within six years.
“ An action upon a contract not in writing, express or implied.
“An action upon a liability created by statute other than a forfeiture or penalty.”
We think the action falls within this limitation, and is properly of the class described in the latter clause. It also embraces the elements of an implied contract.
The terms “forfeiture and penalty,” though generally regarded as synonyms, are not such in this provision. The statute was prepared with care and skill, and repetitions are avoided. The terms are used in contrast, and effect must be given, if possible, to each. A penalty in its original and legal sense means a penal punishment. Crabb’s Tech. Diet.; Webster’s Diet. Like corporal punishment, it is inflicted by or in right of the public, and a recovery enures in^whole or in. part to the public. A forfeiture is more comprehensive in its signification, yet it generally accrues to *515 individuals, and may well be so limited in a statute requiring strict construction.
By the employment of both terms all penalties and all forfeitures are excluded. Whereas, if either alone had been used, the clause would have been open to a construction that would let in the other. The clause thus restricted is of rare application, and we think further restriction by construction is inadmissible.' We therefore interpret the phrase, “ a liability created by statute,” to mean a liability which would not exist but for the statute. The stockholder, it is true, may be said to impliedly assume statute burdens previously imposed; and if the parol promise only could'furnish a bar, we would for the reasons stated be bound to apply it.
And such was the situation in Carrol v. Green, 92 U. S., 509. That case was as follows: The Exchange Bank of Columbia, S. C., failed in 1865, and thereupon a creditor’s bill was exhibited to enforce an individual liability of the stockholders under a charter stipulation. The defense was a limitation in the act of 1712 applying a bar of four years to an implied assumpsit. For the creditor it was claimed that the liability was created by statute, and was therefore a debt by specialty which was not barred by any act of that state. The court held that the stockholder impliedly assumed the individual liability imposed by the charter, and that the action was barred in four years.
In that case there was but the one limitation. In this case we find a promise running with the statute liability. Both are barred by statute. The assumpsit is an incident to the statute liability. But the inherent and superior force of the statute creates the obligation without regard to the promise raised by implication. There was no error, therefore, in sustaining the demurrer.
Judgment affirmed.